JAMES R. FORBES & MARY E. FORBES, ET AL., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Forbes v. Commissioner
Docket Nos. 7723-86, 1567-87
United States Tax Court
T.C. Memo 1991-214; 1991 Tax Ct. Memo LEXIS 239; 61 T.C.M. (CCH) 2622; T.C.M. (RIA) 91214; May 16, 1991, Filed *239 Appropriate orders and decisions will be entered. Michael S. Noble, for the respondent. DAWSON, Judge. NAMEROFF, Special Trial Judge. DAWSON
MEMORANDUM OPINION These cases were assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) [1] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: In docket No. 7723-86, respondent determined deficiencies in Federal income taxes and additions to tax of petitioner James R. Forbes as follows: Additions to Tax
Year
Deficiency
Section 6653(b) 1979
$ 102,369
$  51,185
1980
339,141 169,571
1981
325,259 162,630
By separate notice of deficiency, respondent determined a deficiency with respect to Mary E. *240 Forbes for the taxable year 1981 in the amount of $ 325,259. A stipulation of settlement has been filed reflecting that Mary E. Forbes and respondent have resolved all issues with respect to her notice of deficiency. Accordingly, "petitioner" will hereinafter refer to James R. Forbes. In docket No. 1567-87, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1982 in the amount of $ 42,721, plus additions to tax under section 6653(b)(1) in the amount of $ 21,361, section 6653(b)(2) in the amount of 50 percent of the interest due on the deficiency of $ 42,721, and section 6661(a) in the amount of $ 4,272. In each docket number, petitioner alleged that the notices of deficiency were barred by the statute of limitations and, accordingly, each answer contained respondent's allegations in support of his contention that the statute of limitations does not bar assessment or collection of the income tax deficiencies. In docket No. 7723-86, respondent alleged that agreements were executed by petitioner and respondent, extending the period of time for assessment to include the date of the mailing of the notice of deficiency. In docket No. 1567-87 *241 respondent alleged that the statute of limitations does not bar assessment and collection of the deficiency in income tax for 1982 because the petitioner filed a false or fraudulent income tax return. In neither docket did petitioner file a Reply nor did respondent file a motion under Rule 37(c). In addition, in his answer in docket No. 1567-87, pursuant to section 6214(a), respondent claimed an increase in the addition to tax under section 6661(a) from 10 percent of the underpayment, as set forth in the notice of deficiency, to 25 percent of the underpayment, as provided in section 6661(a), for additions to tax assessed after October 21, 1986. Accordingly, respondent asks the Court to approve an addition to tax under section 6661(a) in the amount of $ 10,680.25, rather than in the amount of $ 4,272 as determined in the notice of deficiency. At the time the petitions in these cases were filed, petitioner resided in Laguna Beach, California. Pursuant to notice to the parties, these cases were set for trial during the Court's trial session in Los Angeles, California, on January 28, 1991. On that date, petitioner failed to appear. Respondent filed a "Motion to Hold the Petitioner *242 in Default and for Entry of Decision." Respondent asks that we enter decisions against petitioner for the deficiencies and additions to tax as determined (or redetermined). Dismissal of a case is a sanction resting in the discretion of this Court. . It is well settled that a taxpayer's failure to appear at trial can result in a dismissal of the action against the taxpayer for failure to prosecute, in actions where the taxpayer seeks the redetermination of a deficiency. ; , affd. without opinion . In view of petitioner's failure to appear when his case was called for trial, we will grant respondent's motion to dismiss with respect to the deficiencies and those additions to tax, as determined in the deficiency notices, for which petitioner bears the burden of proof. The expiration of the period of limitation on assessment is an affirmative defense, and the taxpayer raising the issue must specifically plead it and carry the *243 burden of proving its applicability. Rules 39, 142(a). . To establish this defense, the taxpayer must make a prima facie case establishing the filing of his return, the expiration of the statutory period, and receipt or mailing of the notice after the running of the period. ;; . Where the taxpayer pleading the defense makes such a showing, the burden of going forward with the evidence shifts to the Commissioner, who must then introduce evidence to show that the bar of the statute is not applicable. ; . Where the Commissioner makes such a showing, the burden of going forward then shifts back to the taxpayer to show that the alleged exception to the expiration of the period is invalid or otherwise inapplicable. ; *244 the burden of proof, i.e., the burden of ultimate persuasion, however, never shifts from the party who pleads the bar of the statute of limitations. ;
In view of petitioner's failure to appear at trial, he has failed to show the dates of the filing of his returns. Accordingly, the burden of going forward never shifted to respondent. Therefore, we need not consider petitioner's statute of limitations claims on their merits, and we may enter a decision for the deficiencies in income tax and the addition to tax under section 6661(a), per the notices of deficiency, without the need for further discussion. We now turn to the issues pertaining to the additions to tax for fraud for which respondent bears the burden of proof. Respondent's motion asks that we hold petitioner in default. It is clear to us that petitioner has failed to proceed within the meaning of Rule 123(a). Petitioner has intentionally abandoned his case and we find him in default. "Entry of a default has the effect of admitting all well-pleaded facts in respondent's answer, and a default judgment must be supported by *245 respondent's well-pleaded facts." . In , affd. , we held that "the Commissioner's pleadings must allege specific facts sufficient to sustain a finding of fraud before he will be entitled to a decision that includes an addition to tax for fraud upon the failure of a taxpayer to appear for trial." In his answer in docket No. 7723-86, respondent denied all substantive allegations of the petition and further alleged: 10. FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayments of tax required to be shown on petitioner James R. Forbes' income tax returns for the taxable years 1979, 1980 and 1981 are due to fraud, the respondent alleges: (a) During each of the taxable years 1979, 1980 and 1981, petitioner James R. Forbes was engaged in various sales and promotion activities generally involving mining and minerals. (b) Petitioners resided in the Denver, Colorado area at the time of filing their 1979, 1980 and 1981 tax returns. (c) A preponderance of the *246 books and records relating to petitioner James R. Forbes' business activities were maintained at the Offices of Terra Oil Corporation located at 8000 East Girard, Suite 304, Denver, Colorado. (d) During the taxable years 1979, 1980 and 1981 petitioners receive [sic] items of income which were not reported on their income tax returns for said years summarized as follows:
1979
1980
1981
Cash diverted from Rocky Mountain
Resources, Inc.
$ 159,000.00
Cash diverted from Terra Oil
Corporation
$ 115,000.00
$  37,719.00
58,901.00
Other personal expenses paid
by Terra Oil Corporation
83,341.00
78,000.00
Terra Oil loan to Janus, Ltd.-
cash diverted
225,000.00
T-Minerals loan to Jason, Ltd.-
cash diverted
75,000.00
Jason, Ltd. deposit-cash diverted
80,000.00
Aztecca Exploration, Ltd.
funds diverted
201,532.00
$ 198,341.00
$ 495,719.00
$ 419,433.00
(e) In each of the taxable years 1979, 1980 and 1981 petitioners claimed deductions for carryover of 1976 net operating losses of approximately 278 partnerships related to Cal-Am Corporation, the amounts of the deductions being $ 3,323,024.00 for 1979, $ 2,499,309.00 for 1980 and $ 2,437,372.00 *247 for 1981, but petitioners realized tax benefits from these deductions only to the extent they had reported income on their returns with the remaining unused deductions carried over to the subsequent years. (f) Petitioner James R. Forbes fraudulently and with intent to evade taxes for his taxable years 1979, 1980 and 1981, filed false income tax returns for said years that omitted income in the amounts of $ 198,341.00 for 1979, $ 495,719.00 for 1980 and $ 419,433.00 for 1981. (g) Petitioner James R. Forbes fraudulently and with intent to evade taxes for his taxable years 1979, 1980 and 1981, carried over and deducted purported 1976 net operating losses of partnerships related to Cal-Am Corporation when he well knew that no such losses had been incurred. (h) On November 26, 1980, petitioner James R. Forbes entered an agreement with the Los Angeles U.S. Attorney's office in which he was granted immunity from federal prosecution, "based upon acts, transactions, or practices in which he may have participated in the course of his employment with Cal-Am Corporation", and thereafter provided testimony concerning the operations of that firm and the activities of the principals. (i) Petitioner *248 James R. Forbes' fraudulent omission of specific items of income and fraudulent deduction of losses he knew had not been incurred are part of a three years [sic] pattern of intent to evade taxes. (j) The petitioners understated their taxable income on their income tax returns for the taxable years 1979, 1980 and 1981 in the amounts of $ 3,528,325.00, $ 2,981,587.00 and $ 2,913,646.00, respectively, but the returns as filed reported negative taxable incomes in the amounts of $ 3,335,093.00, $ 2,449,563.00 and $ 2,395,572.00, respectively, with the result that the effective understatement of taxable income was $ 193,232.00 for 1979, $ 532,024.00 for 1980 and $ 518,074.00 for 1981. (k) The petitioners understated their income tax liabilities on their income tax returns for the taxable years 1979, 1980 and 1981 in the amounts of $ 102,369.00, $ 339,141.00 and $ 325,259.00, respectively.
(l) A part of each deficiency in income tax for taxable years 1979, 1980 and 1981 is due to fraud on the part of petitioner James R. Forbes with intent to evade taxes.
In docket No. 1567-87 in his answer, respondent denied all substantive allegations in the petition and further alleged: 7. *249 FURTHER ANSWERING the petition and in support of the determination that a part of the underpayment of tax required to be shown on petitioner James R. Forbes income tax return for the taxable year 1982 is due to fraud, the respondent alleges: a. During the taxable year 1982, petitioner James R. Forbes was engaged in various sales and promotion activities generally involving mining and minerals. b. Petitioner resided in the Denver, Colorado area at the time of filing his 1982 tax return. c. During the taxable year 1982, petitioner received items of income which were not reported on his income tax return for 1982, these items being summarized as follows:
Personal expenses paid by Rocky Mountain
Resources, Inc.
$ 4,252.78
Cash diverted from Terra Oil Corporation
2,761.57
$ 7,014.35
d. On his 1982 income tax return, petitioner James R. Forbes claimed a deduction of $ 13,929.00 for home mortgage interest paid to Energo USA, Inc. when in fact there was no indebtedness in favor of Energo and no interest paid to Energo. e. On his 1982 income tax return, petitioner claimed a deduction for carryover of 1976 net operating losses of approximately 278 partnerships *250 related to Cal-Am Corporation, the amounts of the deduction being $ 2,202,780, but petitioner realized tax benefits from this deduction only to the extent that he reported income on his return and the remaining unused deduction would have been carried over to the subsequent years. f. Petitioner James R. Forbes fraudulently and with intent to evade taxes for his taxable year 1982 filed a false income tax return that omitted income in the amount of $ 7,014.35. g. James R. Forbes fraudulently and with intent to evade taxes for his taxable year 1982 filed a false income tax return for said year on which he claimed a deduction of $ 13,929.00, when he well knew that no interest had been paid. h. James R. Forbes fraudulently and with intent to evade taxes for his taxable year 1982 carried over and deducted purported 1976 net operating losses of partnerships related to Cal-Am Corporation when he well knew that no such losses had been incurred. i. On November 26, 1980, petitioner James R. Forbes entered an agreement with the Los Angeles United States Attorney's Office in which he was granted immunity from federal prosecution, "based upon acts, transactions, or practices in which he *251 may have participated in the course of his employment with Cal-Am Corporation," and thereafter provided testimony concerning the operations of that firm and the activities of the principals. j. Petitioner James R. Forbes' fraudulent omission of specific items of income and fraudulent deduction of losses he knew he had not incurred are part of a four year pattern of intent to evade taxes. k. Petitioner understated his taxable income on his 1982 income tax return in the amount of $ 2,377,605.00 but the returns as filed reported a negative taxable income of $ 2,272,142.00 with the result that the effective understatement of taxable income for 1982 was $ 105,463.00. 1. Petitioner understated his income tax liability on his income tax return for the taxable year 1982 in the amount of $ 42,721.00. m. A part of the deficiency in income tax for the 1982 taxable year is due to fraud on the part of petitioner James R. Forbes with intent to evade taxes.
Section 6653(b) for 1979 through 1981 and section 6653(b)(1) for 1982 provide for an addition to tax equal to 50 percent of an underpayment, if any portion of such underpayment was due to fraud. Section 6653(b)(2), for 1982, provides *252 for an addition to tax in the amount of 50 percent of the interest on the portion of the underpayment attributable to fraud. Fraud is an intentional wrongdoing motivated by a specific purpose to evade a tax known or believed to be owing. , affg. a Memorandum Opinion of this Court; . Respondent has the burden of proof, and he must meet that burden by clear and convincing evidence. Section 7454(a); Rule 142(b); ; . Fraud is a factual question to be determined by an examination of the entire record. . The facts, as established through respondent's affirmative pleadings, lead us to conclude that respondent has proved fraud by clear and convincing evidence. [2] Petitioner received substantial amounts of unreported income, which is evidence of fraud. , affg. a Memorandum Opinion *253 of this Court. Petitioner's failure to report substantial amounts of income continued over a 4-year period, which pattern of evasion is evidence of fraud. ; , affg. a Memorandum Opinion of this Court. Deliberately overstated deductions are another badge of fraud. . Petitioner also failed to appear at trial, an additional indication that he deliberately tried to conceal the true facts concerning his tax liability. . The well-pleaded facts in respondent's answers satisfy us that part of the underpayment for each year was due to fraud. For 1982, we hold that the entire underpayment was due to fraud. We sustain respondent as to the fraud issue. *254 Finally, we consider respondent's claim for the increased addition to tax under section 6661(a). Respondent has the burden of proof as to the increased addition to tax claimed pursuant to section 6214(a). Respondent's answer, in connection with the fraud issue, contained allegations that there was a substantial understatement of income tax (see section 6661(a) and (b)(1)(A)). In view of the allegations as to fraud, there can be no doubt that there is no "substantial authority" for petitioner's treatment of any item (section 6661(b)(2)(B)(i)), or that the treatment of any items of omitted income was "adequately disclosed" on the return (section 6661(b)(2)(B)(ii)). Therefore, respondent's answer in docket No. 1567-87 also contains well-pleaded facts supporting respondent's claim of an increased addition to tax under section 6661(a) for the taxable year 1982. We, therefore, sustain respondent's claim for an increased addition to tax in that regard. Appropriate orders and decisions will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. During the course of the proceedings of these cases, respondent had filed a motion under Rule 91(f) to have voluminous records deemed stipulated, which motion was granted. When the case was called at the calendar, respondent referred to these records both orally and in his trial memorandum. However, no specific request for findings had been made with regard to these records, and we have not conducted an audit thereof in order to support our finding of fraud in this case.↩